# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KENDRICK J. BETTIS**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0699-WS-N |
| | ) |
| **ROUNDPOINT MORTGAGE** | ) |
| **COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## SHOW CAUSE ORDER

This action was recently transferred to the docket of the undersigned. It now comes before the Court *sua sponte*, on preliminary review of the court file.

**I. Procedural History.**

This case bears a decidedly unusual procedural pedigree. Back on May 14, 2019, an entity called G Investments, LLC, filed suit against Kendrick J. Bettis and Mercedes L. French in the Circuit Court of Mobile County, Alabama. In its Complaint, G Investments alleged that it had purchased certain real property in a foreclosure sale, but that Bettis and French were unlawfully detaining and possessing said property and premises.[1] The G Investments suit was framed as an ejectment action seeking issuance of a Writ of Possession and Order that Bettis and French remove themselves from the property. (PageID.42-43.) No other defendants or parties of any stripe were identified or referenced in the Complaint. After service of process, Bettis and French filed an Answer and Affirmative Defenses, denying the validity and effectiveness of the foreclosure sale, based on allegations of lack of proper notice and demand for possession, and breach of the fiduciary duty of good faith and fair dealing. On August 7, 2019, G Investments

---

[1] Notably, G Investments does not appear to be of diverse citizenship to Bettis and French, and G Investments did not and does not purport to assert any federal claims or causes of action against Bettis and French.

followed up by filing a Motion for Summary Judgment, in which it requested a court order directing the removal of Bettis and French from the home place. (PageID.58-62.)

Eight days later, on August 15, 2019, Bettis and French (by and through counsel) filed a document labeled "Counterclaims" that identified "RoundPoint Mortgage Company" as the lone "Counter-Defendant." RoundPoint, which is alleged to be the mortgage servicer of Bettis's and French's loan, had not heretofore been a party to the litigation. Significantly, the Counterclaims did not purport to assert any claims or causes of action against G Investments (the only named plaintiff in the case) or any other previously named party to the original action. As for RoundPoint, Bettis's and French's Counterclaims purported to allege a host of claims against that entity on theories of breach of mortgage agreement, wrongful foreclosure, breach of quasi-fiduciary duty, invasion of privacy and wanton collections, slander/defamation, and violations of the Real Estate Settlement Procedures Act ("RESPA") and its implementing regulations. (PageID.15-26.) In summary, Bettis and French maintain that RoundPoint engaged in a series of errors, omissions and violations in servicing their mortgage that culminated in the wrongful foreclosure sale. On that basis, Bettis and French seek compensatory and punitive damages from RoundPoint, as well as declaratory and injunctive relief voiding the foreclosure sale.[2]

Upon receipt of these "Counterclaims," RoundPoint elected to file a Notice of Removal (doc. 1) in this District Court on September 19, 2019. On its face, the Notice of Removal does not encompass the entire state-court action, and does not appear to include within the ambit of removal G Investments' claims for ejectment against Bettis and French. Rather, RoundPoint purports to be removing solely the "Counterclaims" portion of the state-court action, with federal jurisdiction to be predicated on both 28 U.S.C. § 1331 (federal question, given the RESPA claim) and 28 U.S.C. § 1332 (diversity, given that Bettis and French are citizens of a different state than RoundPoint and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs). Immediately upon filing the Notice of Removal, RoundPoint also filed a Motion to Sever and Realign the Parties (doc. 2), wherein RoundPoint asked that

---

[2] The only portion of the Counterclaims that purports to seek any relief whatsoever relating to G Investments, which again is not named as a "Counter-Defendant" therein, is a request for a declaration that "G Investments … [be] equitably estopped from claiming legal title or possession as a result of such [foreclosure] sale" because of RoundPoint's allegedly improper and unlawful conduct. (PageID.26.)

Bettis's and French's claims against it be severed from the other claims (*i.e.*, G Investments' ejectment claims against Bettis and French) in the state-court action, and that RoundPoint be realigned as a defendant rather than a counter-defendant, with Bettis and French being realigned as plaintiffs. That Motion is now ripe, as the applicable briefing schedule expired without any response by Bettis and French.[3]

## II.    Analysis.

Based on the foregoing review of the procedural posture of this case, this Court harbors considerable doubts about the propriety of removal, and more specifically whether federal jurisdiction exists under these circumstances.

Of critical importance, the Supreme Court wrote to the issue of a third-party counterclaim defendant's removal rights just last term. In *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 204 L.Ed.2d 34 (2019), Citibank filed a debt-collection action against Jackson based on charges that Jackson had incurred on a Home Depot credit card. Jackson then asserted third-party claims against Home Depot, which had not previously been a party to the litigation. Home Depot proceeded to file a notice of removal; however, the Supreme Court concluded, based on its analysis of existing precedents and the statutory text, that 28 U.S.C. § 1441(a) "does not

---

[3] On September 23, 2019, four days after RoundPoint filed its Motion to Sever and Realign, Bettis filed a Suggestion of Bankruptcy (doc. 7) indicating that he had commenced Chapter 13 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Alabama on September 19, 2019. On that basis, Bettis invoked the automatic stay provisions of 11 U.S.C. § 362(a), explaining that he had properly listed G Investments as a creditor in his bankruptcy case. However, the pending Motion has no apparent bearing on G Investments' claims against Bettis; rather, RoundPoint purports to have removed only Bettis's and French's "counterclaims" against RoundPoint. It is well settled that the automatic stay in bankruptcy does not operate to stay litigation initiated by a debtor. *See, e.g., Crosby v. Monroe County*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code … does not extend to lawsuits initiated by the debtor.") (citations omitted); *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) (stating that § 362(a) "does not apply, however, to actions not directed against the debtor or property of the debtor"); *In re Rogers*, 251 B.R. 626, 629 (Bankr. N.D. Fla. 2000) ("The automatic stay only stays actions *against* a debtor, not those pursued *by* the debtor.") (citation omitted); *Dixon v. Green Tree Servicing, LLC*, 2019 WL 2866495, *4 n.4 (S.D. Fla. July 3, 2019) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits *initiated* by the debtor."). As such, Bettis's claims against RoundPoint are not subject to the automatic stay. And of course, neither are those of French, who is not a debtor at all. Therefore, it is appropriate to consider issues relating to the Notice of Removal and the Motion to Sever and Realign at this time.

permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Id.* at 1748. That statute authorizes removal only by "the defendant or the defendants" under certain circumstances. 28 U.S.C. § 1441(a). Ultimately, the *Home Depot* Court expressly concluded as follows: "[W]e hold that a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." 139 S.Ct. at 1750.[4] The *Home Depot* Court also opined that § 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* at 1748. After all, the Court reasoned, "original jurisdiction" is based on an evaluation of "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.*

A straightforward application of the Supreme Court's recent *Home Depot* ruling would appear deleterious to RoundPoint's removal efforts here. Indeed, RoundPoint was brought into the state-court litigation as a nominal "counterclaim defendant" well after G Investments filed its original Complaint against Bettis and French. Because *Home Depot* holds that counterclaim defendants are not "the defendant or the defendants" who are authorized to remove under § 1441(a), RoundPoint would appear to have no removal rights here. Moreover, as described in *Home Depot*, the original jurisdiction inquiry focuses on whether the operative complaint could have been filed in federal court. By all appearances, it could not have been; after all, G Investments' Complaint asserted purely state-law ejectment claims against Bettis and French, who appear to be non-diverse from G Investments. There is also no indication that the § 1332 amount in controversy threshold is or might be met as to the underlying Complaint. If there is no original jurisdiction in the operative complaint, then there is no right of removal under § 1441(a). For these reasons, Supreme Court precedent poses a formidable jurisdictional obstacle to RoundPoint's removal efforts here.

---

[4] In so holding, the Supreme Court considered and rejected a proposed distinction for which Home Depot advocated, namely, that it should be considered a "defendant" because it was not originally part of the lawsuit, but was added as a "third-party counterclaim defendant" sometime later. On this point, the Court opined as follows: "If a counterclaim defendant who was the original plaintiff is not one of 'the defendants,' we see no textual reason to reach a different conclusion for a counterclaim defendant who was not originally part of the lawsuit." *Home Depot*, 139 S.Ct. at 1749.

In its removal papers, RoundPoint does not acknowledge *Home Depot*, much less explain how or why it believes that decision is not fatal to its efforts to remove this case to federal court. Nonetheless, it does not appear that RoundPoint does or would concede the point. Extrapolating from RoundPoint's filings in connection with the Notice of Removal and accompanying Motion to Sever and Realign, the Court perceives that RoundPoint's position would be that *Home Depot* is inapplicable because (i) RoundPoint is not properly classified as a "counterclaim defendant" at all, and (ii) the operative complaint is Bettis's and French's filing styled "Counterclaims" rather than the initial Complaint filed by G Investments.

In its filings, RoundPoint has staked itself to a position that it is not really a "counterclaim defendant" at all. Its common-sense argument is that the mere fact that Bettis's and French's filings label RoundPoint as a counterclaim defendant does not make it so if the legal definition is not satisfied. *See generally BB&T Corp. v. United States*, 523 F.3d 461, 477 (4th Cir. 2008) (recounting "Abe Lincoln's riddle … How many legs does a dog have if you call a tail a leg? The answer is four, because calling a tail a leg does not make it one.") (internal quotation marks and citations omitted). According to RoundPoint, a counterclaim cannot validly be asserted exclusively against a non-party (*i.e.*, a newly named entity that was not an original plaintiff in the lawsuit). By all appearances, RoundPoint is correct as a matter of civil procedure. *See, e.g., AllTech Communications, LLC v. Brothers*, 601 F. Supp.2d 1255, 1260 (N.D. Okla. 2008) ("The weight of authority holds that Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against an unnamed party.") (citations omitted); *General Property Construction Co. v. Empire Office, Inc.*, 2019 WL 2992172, *1 (S.D. Fla. July 9, 2019) (explaining that Rules 13 and 14 "do not permit a defendant to counterclaim solely against persons who are not already parties to the original action" and that "Rule 13(h) only permits joinder of parties to a counterclaim when the counterclaim is also asserted against an existing party to the suit") (internal quotation marks and citations omitted).

Where RoundPoint's argument breaks down, however, is in its discussion and conclusions as to the removal implications of such a procedurally defective counterclaim. In RoundPoint's view, the proper way to view the so-called "Counterclaims" is as a "direct claim" by Bettis and French, such that the "Counterclaims" document is actually a complaint and RoundPoint is actually a defendant with a right to remove under § 1441(a). Here's the problem: There is only one lawsuit in play here. That is the civil action initiated in Mobile County Circuit

Court initiated by a single plaintiff, G Investments, LLC, against two defendants, Bettis and French. It appears improbable that RoundPoint could be classified as a "defendant" in that action for purposes of § 1441(a) because G Investments – the only named plaintiff in that action – has asserted no claims against RoundPoint. In its Notice of Removal, RoundPoint insists that because the claims of Bettis and French amount to a "direct action" against RoundPoint, the removability *vel non* of that direct action can be evaluated exclusively from the "Counterclaims" pleading, without looking at or considering the underlying Complaint. But RoundPoint cites nothing in the removal statutes or interpretive authorities that would allow it to circumvent *Home Depot* and disregard the G Investments complaint for removal purposes in this manner. Simply put, RoundPoint has made no legal showing that its status as an improperly joined and improperly named "counterclaim defendant" enables it to remove a subset of the claims and parties in this action, even though it is not a "defendant" as the action was originally constituted, and even though G Investments' Complaint would not lie within the original jurisdiction of the district courts so as to be removable under 28 U.S.C. § 1441(a). Simply put, there has been no showing and no explanation by RoundPoint as to why it would be proper or permissible under *Home Depot* to consider only a slice of this civil action, a subset of the claims and parties involved, to the exclusion of the underlying Complaint and configuration of parties, to establish removal jurisdiction under § 1441(a) merely because RoundPoint labels this a "direct action."

Of course, as the removing party, RoundPoint bears the burden of establishing the propriety of federal jurisdiction. *See, e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"). Also, RoundPoint's suggestion that any jurisdictional infirmities can be corrected by this Court severing the G Investments complaint from the "counterclaims" and realigning RoundPoint as a "defendant" appears to fly in the face of the black-letter legal principle that removal jurisdiction is assessed at the time of removal. *See, e.g., Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 n.9 (11th Cir. 2009) ("removal jurisdiction is determined at the time of removal") (citation omitted). Thus, if jurisdiction did not exist on September 19, 2019, when RoundPoint filed its Notice of Removal, then remand is mandatory, irrespective of what transpires post-removal.

### III.     Conclusion.

For all of the foregoing reasons, RoundPoint is **ordered** to **show cause**, on or before **November 8, 2019**, why this action should not be remanded to the Circuit Court of Mobile County, Alabama for want of removal jurisdiction pursuant to *Home Depot*. Any other party wishing to be heard on the removal/remand issues may also file a memorandum of law on or before that **November 8** deadline, at which time the jurisdictional issues pertaining to removal and possible remand will be taken under submission.[5]

DONE and ORDERED this 29th day of October, 2019.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE

---

[5] Any suggestion that Bettis's post-removal bankruptcy petition precludes the Court from remanding an improvidently removed action appears contrary to law. *See, e.g., Diebel v. S.B. Trucking Co.*, 262 F. Supp.2d 1319, 1333 (M.D. Fla. 2003) (explaining that "the automatic stay does not leave this court helpless to remand an improperly removed action," and citing other decisional authority for the proposition that "subsequent bankruptcy filing and resulting stay under section 362 … do not prevent this court from remanding an improperly removed action") (citations omitted); *Alcan Investments, LLC v. C-D Jones & Co.*, 2009 WL 2762828, *2 (S.D. Ala. Aug. 27, 2009) (rejecting premise that "it would violate the automatic stay for the Court to consider the motions to remand" where the weight of authority is to the contrary) (collecting cases).