# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENDRICK J. BETTIS, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 19-0699-WS-N** |
| | ) | |
| **ROUNDPOINT MORTGAGE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on defendant's Response to Order to Show Cause (doc. 10) and the jurisdictional concerns raised in the Show Cause Order (doc. 9).

On September 19, 2019, RoundPoint Mortgage Company filed a Notice of Removal (doc. 1), removing this action to this District Court, asserting both federal question and diversity jurisdiction. Upon transfer of the case to the undersigned's docket, a Show Cause Order was entered on October 29, 2019, setting forth the Court's "considerable doubts about the propriety of removal, and more specifically whether federal jurisdiction exists under these circumstances." (Doc. 9, PageID.114.) In particular, the Show Cause Order emphasized the Supreme Court's holding just last term "that a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1750 (2019). The Show Cause Order also noted the *Home Depot* Court's determination that 28 U.S.C. § 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* at 1748. Furthermore, the Show Cause Order observed that "there has been no showing and no explanation by RoundPoint as to why it would be proper or permissible under *Home Depot* to consider only a slice of this civil action, a subset of the claims and parties involved, to the exclusion of the underlying Complaint and configuration of parties, to establish removal jurisdiction under § 1441(a) merely because RoundPoint labels this a 'direct action.'" (Doc. 9,

PageID.117.)[1]  Anticipating RoundPoint's suggestion that federal jurisdiction could be created by severing the original plaintiff's Complaint from the "counterclaims" and realigning RoundPoint as a defendant instead of a counter-defendant, the Show Cause Order cited the well-worn general principle that "if jurisdiction did not exist on September 19, 2019, when RoundPoint filed its Notice of Removal, then remand is mandatory, irrespective of what transpires post-removal."  (*Id.*)

On the basis of these concerns, the Court ordered RoundPoint to show cause why this action should not be remanded to Mobile County Circuit Court for lack of removal jurisdiction. The Court raised these issues *sua sponte*, as it is dutybound to do whenever such questions and doubts arise.  *See, e.g., Green v. Graham*, 906 F.3d 955, 961 (11th Cir. 2018) ("Longstanding principles of federal law oblige us to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction …") (citation omitted); *Application of Furstenberg Finance SAS*

---

[1]  The court file reflects that only a portion of the pending lawsuit below (specifically, the counterclaims asserted by Kendrick Bettis and Mercedes French against RoundPoint) was actually removed to this District Court.  Indeed, RoundPoint's Notice of Removal (doc. 1) captioned the action as Bettis and French versus RoundPoint and stated that it was removing "the civil action styled, *Kendrick J. Bettis and Mercedes L. French, Defendants/ Counter-Plaintiffs vs. RoundPoint Mortgage Company, Counter-Defendant*, Case No.: CV-2019-901332, which was originally filed in the Circuit Court of Mobile County, Alabama."  (Doc. 1, PageID.1.)  RoundPoint's Civil Cover Sheet (doc. 1-1, PageID.16) recites the parties and action being removed in the same manner.  Nowhere in these documents does RoundPoint purport to be removing the claims asserted by the original state-court plaintiff, G Investments, against the original state-court defendants, Bettis and French.  G Investments is not listed on the docket sheet in this matter, nor has G Investments appeared or filed anything in these federal removal proceedings.  Indeed, it could not have done so, given that RoundPoint failed to include G Investments in the Certificate of Service for its Notice of Removal or its Response to Show Cause Order.  Yet in its Response to the Show Cause Order, RoundPoint indicates that it "properly removed the entire civil action under § 1446."  (Doc. 10, PageID.134.)  Nothing in its removal papers would support such a characterization, and certainly neither this Court nor the Clerk of Court could have discerned that RoundPoint had removed anything other than the claims brought by Bettis and French against it.  Of course, as set forth in the Show Cause Order, the G Investments Complaint against Bettis and French would not have been removable under 28 U.S.C. § 1441(a) because it does not lie within the original jurisdiction of federal district courts. (Doc. 9, PageID.117.)  RoundPoint has never persuasively explained either (i) how, under § 1446(a) and *Home Depot*, it could have removed only the "counterclaims" portion of the underlying action; or (ii) how, if indeed it did remove the entire state-court action and not just the "counterclaims" portion of it, it would have been jurisdictionally permissible to remove the G Investments Complaint to federal court under these circumstances.

*v. Litai Assets LLC*, 877 F.3d 1031, 1033 (11th Cir. 2017) ("A federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (citation omitted).

In its Response (doc. 10), RoundPoint first contends that realignment of the parties is permissible – and indeed required – before jurisdiction can be determined. In support of this proposition, RoundPoint cites *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310 (11th Cir. 2012), in which the City of Vestavia Hills sued both a judgment debtor ("Cameron") and Cameron's insurer to collect a money judgment that the City had previously won against Cameron. All parties agreed that the purpose of the suit was to establish whether the insurer was obligated to provide coverage for the judgment, and that the City was raising no claims against Cameron, which was named as a defendant solely because state law required it. The City and Cameron were nondiverse; however, the insurer removed to federal court anyway, citing diversity jurisdiction and arguing that Cameron should be realigned as a plaintiff because Cameron and the City's interests converged, inasmuch as they both wanted to force the insurance company to provide coverage. As the Eleventh Circuit observed, "[t]here no longer is any dispute between Vestavia Hills and Cameron, and the only thing that Cameron could want out of this case is for Vestavia Hills to win." *Id.* at 1314. The appellate court concluded "that the district court did not err in realigning Cameron as a plaintiff and in refusing to remand this matter to state court." *Id.*

Insofar as RoundPoint relies on *Vestavia Hills* for the general proposition that realignment may be permitted in certain contexts before examining whether removal jurisdiction is proper, the Court agrees. The trouble is that *Vestavia Hills* involves drastically different circumstances than those present here. Our case does not feature a plaintiff and a purported defendant whose interests are aligned. Nor does the propriety of removal jurisdiction in our case turn on the presence or absence of diversity jurisdiction, as it did in *Vestavia Hills*. The jurisdictional issue implicated by RoundPoint's removal is whether realignment of a removing counterclaim defendant as a "defendant" is permissible to circumvent the *Home Depot* holding that 28 U.S.C. § 1441(a) "does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." 139 S.Ct. at 1748. *Vestavia Hills* says little, if anything, about the particular conundrum presented here. In *Vestavia Hills*, a plaintiff and a non-diverse purported defendant had identical interests, so it was a simple

matter to realign that nominal defendant as a plaintiff and deem its nondiverse citizenship not to be fatal to the exercise of § 1332 jurisdiction.

Here, by contrast, an entity called G Investments sued Bettis and French in state court. Bettis and French brought "counterclaims" solely against RoundPoint, which was not a party to the original suit and therefore could not properly be joined as the lone counterclaim defendant under Rule 13(h). Unlike in *Vestavia Hills*, RoundPoint has no discernible identity of interests with G Investments about anything. And the jurisdictional question is not whether diversity does or does not exist, as it was in *Vestavia Hills*, but is instead whether a purported counterclaim defendant improperly brought into the action under Rule 13(h) can be reclassified as a "defendant" so as to escape the sweep of *Home Depot* and be eligible to remove an action at all. *Vestavia Hills* does not appear to shed any light on these critical questions, but merely identifies the general proposition that in a starkly different context realignment may be permissible before passing on the existence *vel non* of removal jurisdiction.

Stated differently, the "realignment" for which RoundPoint advocates in its memoranda is not a simple moving of a party from one side of the "v." in the caption to the other. Rather, it is a splitting of one case into two. RoundPoint is pinning its removal jurisdiction hopes on a contention that, at the time of removal, there were in actuality two cases. The first was an ejectment action between G Investments, as plaintiff, and Bettis and French, as defendants. The second was an action for errors and omissions in servicing a mortgage brought by Bettis and French, as plaintiffs, and RoundPoint (the mortgage servicer), as defendant. Because RoundPoint would have been appropriately classified as a "defendant" in the second action, it maintains that *Home Depot*'s prohibition on removal by counterclaim defendants does not bar removal jurisdiction here. Neither *Vestavia Hills* nor any other authority cited by RoundPoint in its Response to Show Cause Order in any way endorses, approves or authorizes such utilization of the realignment device to afford removal rights to an improperly joined counterclaim defendant.

Next, RoundPoint insists that *Home Depot*'s holding is "very narrow" and "acts as a bar only when two factors are satisfied: (1) an additional defendant properly joined under Rule 13(h) (*i.e.*, a counterclaim asserted against the original plaintiff); and (2) the additional defendant removes under § 1441(a)." (Doc. 10, PageID.127-28.) RoundPoint is correct that *Home Depot* utilized the term "third-party counterclaim defendant," which it defined as "a party first brought

into the case as an additional defendant to a counterclaim asserted against the original plaintiff." 139 S.Ct. at 1747 n.1. However, the reason the *Home Depot* Court so defined the term is because it had previously held in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), that an original plaintiff named as a counterclaim defendant may not remove a counterclaim against it. The issue in *Home Depot* was whether the *Shamrock Oil* rule should extend to counterclaim defendants who had not been named as original plaintiffs. In answering that question affirmatively, the *Home Depot* Court opined: "Considering the phrase 'the defendant or the defendants' in light of the structure of the statute and our precedent, we conclude that § 1441(a) ***does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim***." 139 S.Ct. at 1748 (emphasis added). This reasoning would certainly appear to reach RoundPoint, which was after all a party brought into the lawsuit for the first time by French and Bettis's counterclaim. RoundPoint identifies no authority holding – and no persuasive reason why – *Home Depot*'s prohibition on removal by "any counterclaim defendant," including parties brought into the lawsuit for the first time by the counterclaim, does not or should not reach it here. It is simply not apparent why the *Home Depot* rule logically should not apply where a named counterclaim defendant has been brought into the action via the counterclaim plaintiff's incorrect usage of Rule 13(h), rather than through the counterclaim plaintiff's correct usage of Rule 13(h).

The upshot is this: RoundPoint is invoking the procedural device of realignment to confer upon it the right to remove this action in a context in which it offers no authority that any court has allowed realignment before. RoundPoint is asking for this Court to recognize a distinction from the Supreme Court's holding in *Home Depot* that no other court has apparently adopted before. RoundPoint seeks to carve out an exception to the *Home Depot* holding for which it provides no persuasive reasoning and which would look past the sweeping rationale provided by the Supreme Court for the *Home Depot* rule. As the removing party invoking federal jurisdiction, of course, RoundPoint bears the burden of showing that removal jurisdiction was proper. *See, e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *Vestavia Hills*, 676 F.3d at 1313 n.1 ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). And all doubts must be resolved in favor of remand. *See, e.g., University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411

(11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly .... Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.").[2]

In short, despite being afforded an opportunity to do so via the Show Cause Order, RoundPoint has failed to meet its burden of establishing removal jurisdiction. Given the black-letter principle that removal statutes must be construed strictly, the Court resolves its significant lingering doubts about the existence of removal jurisdiction pursuant to *Home Depot* in favor of remanding this action to state court. Accordingly, this action is hereby **REMANDED** to the Circuit Court of Mobile County, Alabama, for further proceedings.

DONE and ORDERED this 25th day of November, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] In a separate section of its Response to Order to Show Cause, RoundPoint presents an argument under the heading, "IF THIS COURT FINDS THAT COMPLIANCE WITH § 1441(a) IS PROCEDURAL, NOT JURISDICTIONAL, THIS COURT SHOULD NOT REMAND TO STATE COURT." (Doc. 10, PageID.129.) However, RoundPoint neither contends nor makes any showing that the issue presented here is procedural, rather than jurisdictional, in nature; to the contrary, RoundPoint expressly represents that "RoundPoint believes that the issue before the Court is one of removal jurisdiction because it is interpreting the removal jurisdiction statute." (*Id.*) Given RoundPoint's concession that the issues addressed herein are jurisdictional in nature, and its failure to offer any legal basis for deeming them procedural, the Court need not address in hypothetical terms what the appropriate course of action would have been had the removal defect been procedural, rather than jurisdictional.